IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODMEN R. FOSTER,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | CIVIL ACTION NO. 15-6289 |
| : | |
| **CAITLIN MCLAUGHLIN,** *et al*. : | |
| **Defendants.** : | |

### MEMORANDUM OPINION

**RUFE, J.**                                                                                                                      **JULY 22, 2016**

Plaintiff Rodmen R. Foster brings this *pro se* civil rights action against Michael Potteiger, Chairman of the Pennsylvania Board of Probation and Parole, in his official capacity; Caitlin McLaughlin, Pennsylvania Parole Board Supervisor, in her individual capacity; and Michael Hernandez, Pennsylvania Parole Board Agent, in his individual capacity, under 42 U.S.C. § 1983. Plaintiff alleges eight causes of action under Pennsylvania Law:[1] 1) fraudulent misrepresentation, (3 counts) 2) intentional infliction of emotional distress, 3) negligence/supervision, 4) revocation hearing untimely, 5) false imprisonment, 6) *Respondeat Superior*. Defendant filed a timely motion to dismiss, to which Plaintiff has not responded. For the following reasons, Defendant's motion to dismiss will be granted.

### I.   FACTUAL ALLEGATIONS[2]

On November 2, 2013, Plaintiff was arrested by Philadelphia Police and charged with Driving under the Influence.[3] Plaintiff was on parole at the time of arrest.[4] Accordingly, the

---

[1] Although Plaintiff styles the claims as being brought under state law, he also alleges that Defendants violated his right to due process of law pursuant to the United States Constitution.

[2] The facts as stated herein are those alleged in the complaint, which are presumed to be true for the purpose of this motion.

[3] Compl. ¶ 12.

Pennsylvania Board of Probation and Parole lodged a warrant against him that same day and, after conducting a detention hearing on November 26, 2013, detained him pending disposition of the charges.[5]

On June 6, 2014, the Municipal Court of Philadelphia County found Plaintiff guilty of Driving under the Influence.[6] He was sentenced to "72 hours, time served to six months imprisonment with 5 months concurrent probation."[7] On June 19, 2014, Plaintiff appealed the conviction *de novo* to the Court of Common Pleas of Philadelphia County.[8] Plaintiff later withdrew the appeal.[9] Plaintiff alleges that he was then allowed to appeal his DUI conviction *nunc pro tunc* and that he was permitted to file a writ of certiorari to the Court of Common Pleas.[10] On October 14, 2014, the Court of Common Pleas of Philadelphia County denied the writ of certiorari.[11] Plaintiff subsequently appealed from the denial of the writ to the Superior Court of Pennsylvania.[12]

Next, Plaintiff petitioned the Commonwealth Court of Pennsylvania for a writ of mandamus.[13] Plaintiff sought to compel the Parole Board to cancel its warrant and dismiss the

---

[4] Compl. at ¶ 13.

[5] Compl. at ¶¶ 13-15.

[6] Compl. at ¶ 16.

[7] *Id*.

[8] Compl. at ¶ 17.

[9] Compl. at ¶ 18.

[10] *Id*.

[11] Compl. at ¶ 19.

[12] Compl. at ¶ 20.

[13] Compl. at ¶ 21.

parole violation charges with prejudice for failure to conduct a timely revocation hearing.[14] In light of Plaintiff's Commonwealth Court filing, the Parole Board notified Plaintiff that a revocation hearing would not take place until the final disposition of Plaintiff's appeal.[15] Fearful that he would languish in custody on the Parole Board warrant while awaiting a final disposition in the appeals process, Plaintiff withdrew his appeal to the Superior Court of Pennsylvania.[16]

On February 3, 2015, Plaintiff alleges that Defendant Caitlin McLaughlin and Defendant Michael Hernandez recorded a fraudulent October 14, 2014 conviction date for Plaintiff's DUI conviction.[17] The document that recorded the event, called a PBP-257-N, Notice of Charges and Hearing, also listed a February 13, 2015 date for a revocation hearing.[18]

On February 24, 2015, the Commonwealth Court of Pennsylvania denied Plaintiff's petition for mandamus asserting that the Court lacked jurisdiction and that Plaintiff was attempting to revive lapsed appeal rights.[19] Consequently, Plaintiff filed a notice of appeal with the Supreme Court of Pennsylvania on March 5, 2015.[20]

Plaintiff alleges that Defendant McLaughlin and Defendant Hernandez then certified a second PBPP-257N, Notice of Charges and Hearing, as well as a PBPP 257C, Criminal Arrest and Disposition report.[21] According to Plaintiff, both documents list a fraudulent January 26,

---

[14] *Id.*

[15] Compl. at ¶ 22.

[16] Compl. at ¶ 23.

[17] Compl. at 24.

[18] *Id.*

[19] Compl. at ¶ 25.

[20] Compl. at ¶26.

[21] Compl. at ¶¶ 27-28.

2015 conviction date for Plaintiff's DUI conviction.[22] A March 19, 2015 date is also listed for a revocation hearing. Plaintiff alleges that on the same day in which the second PBPP-257N was certified, Defendant McLaughlin and Defendant Hernandez certified a PBPP-257H, Supervision History Form, that records a June 6, 2014 conviction date. This date, according to Plaintiff, is the correct date of his DUI conviction.[23]

On March 19, 2015, the Defendant Parole Board conducted Plaintiff's revocation hearing.[24] Plaintiff alleges the hearing occurred nine months after his DUI conviction was recorded.[25] Plaintiff states that he objected to both the fraudulent October 14, 2014 conviction date and the January 26, 2015 conviction date and to the revocation hearing being untimely.[26]

On April 10, 2015, the Defendant Parole Board issued a Parole Violation Warning/Instruction that directed him to report to 334 E. Chelten Avenue, Philadelphia, Pennsylvania 19144.[27] However, the Parole Board discharged Plaintiff from confinement on April 12, 2015.[28] According to Plaintiff, the Parole Board did not certify a final disposition of his case.[29]

---

[22] *Id*.

[23] Compl. at ¶¶ 29-30.

[24] Compl. at ¶ 31.

[25] *Id*.

[26] Compl. at ¶ 32.

[27] Compl. at ¶ 33.

[28] Compl. at ¶ 34.

[29] *Id*.

On September 29, 2015, the Supreme Court of Pennsylvania affirmed the Commonwealth Court's Order.[30]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[31] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[32] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[33] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[34] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[35] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[36] Legal

---

[30] Compl. at ¶ 35.

[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[32] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[33] T*wombly*, 550 U.S. at 555, 564.

[34] *Id.* at 570.

[35] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[36] *Id.* (quoting *McGregor v. Indus. Excess Landfill, Inc.,* 856 F.2d 39, 42-43 (6th Cir. 1988)).

questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[37]

## III. DISCUSSION

### A. Eleventh Amendment

Under the Eleventh Amendment of the United States Constitution, states are immune from suit by private parties in federal court.[38] This immunity extends to state agencies and departments as well as state officials sued in their official capacity.[39] In such instances, the doctrine applies because the state is the true party in interest.[40] For this reason, and by contrast, suits against state officials in their personal or individual capacity are not barred by the Eleventh Amendment.[41]

Eleventh Amendment sovereign immunity has three exceptions.[42] First, suit is permitted when Congress abrogates immunity and unequivocally expresses its intent to do so pursuant to a valid exercise of power.[43] Secondly, a state may waive its sovereign immunity.[44] Third, suit is permitted against individual state officers for prospective injunctive and declaratory relief to end ongoing violations of federal law.[45] In such instances, the action is not against the state because

---

[37] *See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc.,* 836 F. Supp. 2d 274 (E.D. Pa. 2011).

[38] *Tennessee v. Lane*, 541 U.S. 509, 517 (2004).

[39] *Larsen v. State Employees' Retirement System*, 553 F.Supp.2d 403, 411 (M.D. Pa. 2008).

[40] *Id*. at 411.

[41] *Id*.

[42] *Larsen*, 553 F. Supp. 2d at 412.

[43] *Urella v. Pennsylvania State Troopers Ass'n*, 628 F. Supp. 2d 600 (E.D. Pa. 2008).

[44] *Larsen*, 553 F. Supp. 2d at 412.

[45] *Id*.

the alleged violation of federal law strips the officer of his official authority.[46] However, the relief sought must be prospective, declaratory, or injunctive relief governing an officer's future conduct.[47] It cannot be retrospective, as in the case of monetary damages.[48]

Here, Plaintiff sued Defendants McLaughlin and Hernandez in their individual capacities, and sued Defendant Potteiger in his official capacity as Chairman of the Pennsylvania Parole Board. Accordingly, eleventh amendment sovereign immunity bars the claims against Defendant Potteiger only. The claims against Defendants McLaughlin and Hernandez survive the eleventh amendment sovereign immunity bar because Plaintiff sued them in their individual capacities.

B. Pennsylvania Sovereign Immunity Act

Pennsylvania's sovereign immunity statute shields the Commonwealth, its officials, and its employees acting within the scope of their duties from suit.[49] The Commonwealth of Pennsylvania has explicitly retained its sovereign immunity and has not waived immunity for intentional torts or claims under the Pennsylvania Constitution, except in nine limited circumstances: 1) vehicle liability; 2) medical-professional liability; 3) care, custody or control of personal property; 4) Commonwealth real estate, highway and sidewalks; 5) potholes and other dangerous conditions; 6) care, custody or control of animals; 7) liquor store sales; 8)

---

[46] *Id.*

[47] *Id.*

[48] *Larsen*, 553 F. Supp.2d at 412.

[49] 1 Pa. C.S.A. § 2310.

National Guard activities; and 9) toxoids and vaccines.[50] Each of these exceptions is strictly construed.[51]

In this case, Plaintiff alleges eight causes of action against the Defendant(s): three counts of fraudulent misrepresentation; one count of intentional infliction of emotional distress; one count of negligence/supervision; one count for an untimely revocation hearing under Pennsylvania law; one count of false imprisonment; and one count of *respondeat superior*. These are state and not federal causes of action, and while Plaintiff asserts that he is bringing a civil rights claim under 42 U.S.C. Section 1983, he only alleges one constitutional violation -due process- that arises under federal law. Count 6 states, rather obscurely, that Defendant Potteiger violated Plaintiff's due process when he allegedly failed to conduct a timely parole revocation hearing. As stated, this claim is barred by Eleventh Amendment sovereign immunity.

Plaintiff also states that he is bringing all remaining claims under "the common law." In addition, the elements Plaintiff alleges in his three claims for fraudulent misrepresentation, his negligence claim, and his intentional infliction of emotional distress claim read as state tort causes of action. Furthermore, the *respondeat superior* claim is not a valid cause of action and Plaintiff's claim for failure to conduct a timely revocation hearing alleges a violation of Pennsylvania state law. Finally, Plaintiff's false imprisonment claim states that the Parole Board is "under a constitutional mandate to certify a final disposition of Plaintiff's case, explaining in writing why Plaintiff was, or was not recommitted as a convicted parole violator. To the extent such a claim exists, it can only arise under state law, as there is no such requirement under the federal constitution.

---

[50] 42 Pa. C.S.A. § 8522 (b).

[51] *See Mullin v. Commonwealth, Dep't of Transp.*, 582 Pa. 127, 870 A.2d 773, 779 (2005).

The Commonwealth has not waived immunity for the torts of which Plaintiff complains. In addition, they do not fall within any of the exceptions outlined in Pennsylvania's sovereign immunity statute. Accordingly, state sovereign immunity bars Plaintiff's tort law claims against all Defendants.

## IV.   CONCLUSION

For the reasons set forth therein, this Court will dismiss Plaintiff's complaint. However, taking into account Plaintiff's *pro se* status, the Court will grant leave for Plaintiff to file an Amended Complaint to remedy the deficiencies explained above. An order will be entered.